UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES HENRY CARTER II | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 4:06-cv-24 |
| | ) | *Mattice/Carter* |
| LADUE BOULDIN, MAYOR OF GRUNDY | ) | |
| COUNTY; ROBERT MEEKS, FORMER | ) | |
| SHERIFF OF GRUNDY COUNTY; GLEN | ) | |
| MAYS, GRUNDY COUNTY JAIL | ) | |
| SECRETARY; DR. HARBOLT, GRUNDY | ) | |
| COUNTY JAIL PHYSICIAN; FRED NASH | ) | |
| GRUNDY COUNTY JAILOR; All Parties are | ) | |
| Sued in Their Individual and Official Capacities, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM**

James Henry Carter II ("Carter") has filed a *pro se* prisoner's civil rights complaint pursuant

to 42 U.S.C. § 1983. Plaintiff seeks a declaratory judgment, injunctive relief, compensatory

damages, and punitive damages. However, no service shall issue and this complaint [Court File No.

3] will be **DISMISSED** for the reasons explained below**.** Additionally, Carter's motion for

appointment of counsel is **DENIED as MOOT** [Court File No. 4].

I.      **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Carter that he

lacks sufficient financial resources at the present time to pay the required filing fee in the amount

of $250.00.[1] However, Carter is not relieved of the ultimate responsibility of paying the $250.00

---

[1]      Although the fee to file a complaint in the United States District Court increased
to $350.00 on April 9, 2006, Carter is assessed a $250.00 filing fee since he filed his complaint
on or about April 5, 2006.

1

filing fee.  Since Carter is a prisoner at South Central Correctional Facility he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Carter's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Carter's inmate trust account; <u>or</u>

> (b) twenty percent (20%) of the average monthly balance in Carter's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Carter's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden of South Central Correctional Facility, the Trust Fund Officer at South Central Correctional Facility, Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Carter's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[2]

The plaintiff will also be **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.    TIME-BARRED CLAIMS

Carter raises claims, under 42 U.S.C. § 1983, that occurred from June 2, 2004, until April 8, 2005. Although Carter's complaint was received by the Clerk of Court on April 7, 2006, it bears a postmark stamp of April 5, 2006. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is filed by a *pro se* prisoner when it is given to a prison official for mailing. The Court will assume, for purposes of the statute of limitation, that Carter's complaint was given to prison authorities for mailing on April 5, 2006.

For purposes of 42 U.S.C. § 1983, state statutes of limitation and tolling principles shall

---

[2] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

apply to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). However, federal law determines the accrual of those claims. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied,* 117 S. Ct. 2439, 138 L. Ed. 2d 199 (1997); *LRL Properties v. Portage Metro Hous. Auth.* 55 F.3d at 1107.

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tortious act is committed. *See Echols v. Chrysler Corp.,* 633 F.2d 722, 725-26 (6th Cir. 1980). This is known as the "time of event" rule and is applied whenever greater than *de minimus* harm is discernible at the time of the tortious event. *Hicks v. Hines Inc.,* 826 F.2d 1543, 1544 (6th Cir. 1987).

A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his actions. *Collyer,* 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

Federal courts are to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. at 276. The one-year statute of limitations period contained in TENN. CODE ANN. § 28-3-104(a)(1) applies to civil rights claims arising in Tennessee. *See Jackson v. Richards Medical Co.,* 961 F.2d 575, 578 (6th Cir. 1992).

Applying the one-year statute of limitations, any claim that accrued prior to April 5, 2005, is time-barred. According to the record before the Court, which was submitted by Carter, he was aware of the alleged injuries on the days on which the alleged unconstitutional conduct occurred. Consequently, Carter's claims arising prior to April 5, 2005, are time-barred, and will be

4

**DISMISSED**.  Carter's claims arising on or after April 5, 2005, will be addressed below.

**II.      SCREENING PURSUANT TO 42 U.S.C. § 1997e**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require

prisoners to exhaust administrative remedies before filing suit.  *See Davie v. Wingard,* 958 F.Supp.

1244, 1253-54 (S.D. Ohio 1997).   The applicable section of 42 U.S.C. § 1997e provides the

following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative remedies as are available are
> exhausted.

After review of the record and the applicable law, the Court concludes the portion of the instant §

1983 complaint raising claims occurring on or after April 5, 2005, will be **DISMISSED** *sua sponte,*

without prejudice, as prematurely filed based on Carter's failure to exhaust his administrative

remedies  [Court File No. 3].

Carter asserts he was confined in the Grundy County Jail as a pre-trial detainee from

September 24, 2004 until April 8, 2005.  As to any claims that Carter raises from April 5, 2005, until

present he claims he "made informal complaints and wrote formal complaints when he was given

the opportunity to do so and his attempts to get an administrative remedy were unsuccessful.  This

was the case from June 2, 2004[,] until April 8, 2005[,] while plaintiff was incarcerated as a pre-trial

detainee and a county prisoner in the Grundy County Jail" [Court File No. 3, at 4].   As explained

above, the only claims which are not time-barred are any claims that occurred on or after April 5,

2005 until April 8, 2005, when Carter was transferred to another correctional facility.  Although

Carter has not clearly identified the claims that arose during that time frame, the Court has attempted to decipher his complaint and concludes he is complaining that he was denied access to legal materials and subjected to overcrowded jail conditions and the smell of sewage while incarcerated at the Grundy County Jail during those four days in April of 2005. Carter claims that during this time period he and other inmates complained formally and informally.

The Sixth Circuit has ruled that the plain mandatory language of the statute regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show that they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning *each* claim stated in the complaint. *See Shorter v. Campbell*, 59 Fed.Appx.673 (6th Cir. Feb. 20, 2003), (unpublished table decision), *available in* 2003 WL 463480, *2.

6

Carter has failed to allege or demonstrate that he has exhausted the Grundy County Jail procedure for resolving grievance problems on the issues presented in his complaint, which has resulted in his failure to exhaust administrative remedies. Although Carter claims he and other inmates formally and informally made complaints about the overcrowding jail conditions and the smell of sewage in the jail, Carter has failed to attach copies of any grievances or describe with specificity the claims he grieved. The complaint does not contain allegations as to the number of grievances he filed, when he filed the grievances, the subject matter of the grievances, or allegations that the claims have been exhausted as to each defendant associated with the claims contained in his § 1983 complaint. Carter's claim that he formally and informally complained about the overcrowded jail conditions and smell of sewage in the jail fails to satisfy his burden to describe with specificity the administrative proceeding and its outcome. Carter's general statement that he complained about the conditions provides no specific information that would permit the Court to verify that the grievance process has been completed. Consequently, there is insufficient evidence to demonstrate Carter properly exhausted his administrative remedies. *See Boyd v. Corrections Crop. of America*, 380 f.3d 898, 996 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied,* 544 U.S. 920 (2005); *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal).

The Court is unable to determine whether Carter initiated or completed the grievance procedure on each of his prison conditions claims. When filing a federal lawsuit challenging prison conditions, a prisoner must allege and show that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance

7

to the complaint, or, if no such written documentation is available, describe with specificity the administrative proceeding and its outcome. *See Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). Carter's failure to fulfill either of these two requirements requires the Court to dismiss his complaint for failure to exhaust administrative remedies.

The Court has reviewed Carter's allegations concerning the exhaustion issue and finds he has not demonstrated that his administrative remedies have been exhausted as to all claims raised in his complaint. The fact that Carter mailed grievances to the Grundy County Jail on February 21, 2006, almost one year after leaving the Grundy County Jail, does not fulfill his obligation to exhaust his administrative remedies. Accordingly, because Carter has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because Carter has failed to carry his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint, all claims which occurred on April 5, 2005 and thereafter will be **DISMISSED** *sua sponte,* **WITHOUT PREJUDICE**, for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter.


                                             *s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                 UNITED STATES DISTRICT JUDGE